FILED
DEC 21 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF COLUMBIA

| | |
|---|---|
| Rayford L. Etherton, Jr., | * |
| Plaintiff, | * |
| v. | Case: 1:07-cv-02314<br>Assigned To : Bates, John D.<br>Assign. Date : 12/21/2007<br>Description: Contract |
| Provost & Umphrey Law Firm, LLP;<br>Rubin, Winston, Diercks, Harris & Cooke, LLP;<br>and, Pinnacle Law Group, LLC, | * |
| Defendants. | * |

## COMPLAINT

### The Parties

1. The plaintiff Rayford L. Etherton, Jr. ("Etherton") is an individual residing in the State of Alabama. At all times material to the (i) allegations of this Complaint and (ii) relief requested herein, Etherton was an attorney in good standing in the State of Alabama.

2. The defendant Provost & Umphrey Law Firm, LLP, is a law firm organized as a limited liability partnership with its principal place of business in the State of Texas.

3. The defendant Rubin, Winston, Diercks, Harris & Cooke, LLP, is a law firm organized as a limited liability partnership with its principal place of business in the District of Columbia.

4. The defendant Pinnacle Law Group, LLC, is a law firm organized as a limited liability partnership with its principal place of business in the State of California.

5. The defendant law firms are collectively referred to herein as "Defendants."

## The Amount in Controversy

6. The amount in controversy exceeds the sum of $75,000.

## Jurisdiction and Venue

7. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## Facts

9. In or around the last quarter of 2002, Etherton began discussing with some of the Defendants the possibility of bringing a class action lawsuit against ExxonMobil for what he and they believed to be improper business practices relating to the marketing, advertising, and sales of certain ExxonMobil products.

10. After completing their review and analysis, Etherton and the defendants brought a class action on behalf of California consumers. The action was styled *Richard Pascual, et al. v. ExxonMobil Corporation, et al.,* and filed in May 2003 in the Superior Court of California, Alameda County ("*Pascual*").

11. After the commencement of *Pascual*, Etherton and the Defendants agreed in writing about how they would divide attorneys' fees in the event of such an award in that case. Under that agreement, Etherton was entitled to receive 20% of any attorneys' fees awarded (after the reimbursement of costs and expenses).

12. Over the course of the next several months, the plaintiff class and ExxonMobil engaged in extensive discovery and motion practice. Etherton was active (and prominently) involved in all aspects of these efforts. For example, Etherton handled the Complex Determination Hearing conducted by the California Court, appeared and argued before the California Court on other issues important to the plaintiff (including the

permissible scope of discovery available to the class), took or participated in all depositions related to the merits of the case, and was involved in numerous other matters related to the prosecution of the case.

13. Etherton and some of the defendants were admitted to participate *pro hac vice* in the *Pascual* litigation.

14. During the latter part of 2003 and most of 2004, the attorneys for the plaintiff class (including Etherton) participated in arms-length negotiations with attorneys with ExxonMobil about the potential settlement of the *Pascual* litigation. These discussions involved numerous meetings (in-person and by telephone) and the provision by ExxonMobil of extensive data required by the attorneys for the plaintiff class (including Etherton).

15. The plaintiff class and ExxonMobil reached a settlement in principle on August 27, 2004.

16. On or about September 15, 2004, Etherton was suspended by the Alabama State Bar for his alleged failure to comply with mandatory continuing legal education requirements. However, because Etherton had failed to provide the Alabama State Bar with a change-of-address, he did receive notice of the suspension until several months later.

17. As a part of the discussions regarding the August 27, 2004 settlement in principle, the attorneys for the parties agreed to (i) place "on hold" the *Pascual* litigation and (ii) allow Etherton and the Defendants to file a related action in a federal court to seek relief for all affected consumers on a nationwide basis.

18. On or about January 12, 2005, a case styled *Adam P. Meyenburg v. ExxonMobil Corporation* was filed in the United States District Court for the Southern District Court of Illinois. Following the presentation of a settlement agreement, a Fairness Hearing, and the consideration of objections, the *Meyenburg* Court granted final approval of the nationwide class action settlement on June 5, 2006. Thereafter, in an Order dated July 31, 2006, the *Meyenburg* Court awarded attorneys fees in the amount of $4,000,000 and expenses in the amount of $49,127.98.

19. The work performed by Etherton in *Pascual* prior to his suspension on September 15, 2004, contributed substantially to the settlement on a nationwide basis of the claims asserted by ExxonMobil, the approval of that settlement, and the award of attorneys' fees in the second-filed case.

20. Etherton's claim is limited to the reasonable value for the work he performed and the services he provided prior to his suspension on September 15, 2004.

21. Despite repeated demands, Etherton has not been compensated for the reasonable value of the work he performed and the services he provided between 2002 and September 15, 2004.

### FIRST CAUSE OF ACTION: QUANTUM MERUIT

22. Etherton restates the allegations set forth above.

23. Etherton performed work and provided services that were valuable and, in fact necessary to, the success of the *Pascual* litigation.

24. The Defendants were aware of this and encouraged Etherton in his efforts on behalf of the plaintiff class.

25. The Defendants promised to pay Etherton for at least the reasonable value of the work he performed and the services he provided.

26. Etherton has repeatedly demanded payment from the Defendants, but the Defendants have refused to pay Etherton.

27. Etherton is entitled to be compensated for the fair and reasonable value of the work he performed and the services he provided between 2002 and September 15, 2004, in an amount to be determined at trial, but that exceeds $75,000.

**WHEREFORE**, Etherton demands judgment against the Defendants for compensatory damages in excess of $75,000; for interest as provided by law; for the costs and expenses of this action; and, for such other relief as the Court considers appropriate.

_____
Rayford L. Etherton, Jr., *pro se*

To:

Provost & Umphrey Law Firm LLP
490 Park Street
P.O. Box 4905
Beaumont, Texas 77704

Rubin, Winston, Diercks, Harris & Cooke, LLP
1155 Connecticut Avenue, N.W., Sixth Floor
Washington, D.C. 20036

Pinnacle Law Group, LLP
425 California Street, Suite 1800
San Francisco, California 94104

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Rayford L. Etherton, Jr.

## DEFENDANTS

Provost & Umphrey Law Firm, LLP; Rubin, Winston, Diercks, Harris & Cooke, LLP; and Pinnacle Law Group, LLC

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Mobile County, AL
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Jefferson County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Pro Se
104 Frazer Court
Mobile, Alabama  36607

Case: 1:07-cv-02314
Assigned To : Bates, John D.
Assign. Date : 12/21/2007
Description: Contract

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ⊙ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ⊙ 4 |
| Citizen of Another State | ⊙ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)      OR      ⊙ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ⦿ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
The plaintiff is entitled to recovery pursuant to quantum meruit. 29 USC 1332

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ greater than $75,000   Check YES only if demanded in complaint
JURY DEMAND: YES ☐ NO ☒

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒   If yes, please complete related case form.

DATE ~~24 September 2007~~ 12·21·07   SIGNATURE OF ATTORNEY OF RECORD  [signature], Pro Se

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.