**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **Rayford L. Etherton, Jr.** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 07-cv-2314 (JDB)** |
| **v.** | : | **Electronically Filed** |
| | : | |
| **Provost & Umphrey Law Firm LLP,** | : | |
| | : | |
| **Rubin Winston Diercks Harris & Cooke LLP,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **Pinnacle Law Group LLC** | : | |
| | : | |
| **Defendants.** | : | |

**REQUEST FOR COURT APPROVAL OF**
**STIPULATION OF DISMISSAL WITH PREJUDICE**

**WHEREAS**, on or about December 21, 2007 Plaintiff commenced the instant Action

against Defendants in the this Court;[1] and

**WHEREAS,** Plaintiff's claim is based upon work performed in a class action against

Exxon Mobil that was originally filed in state court in Alameda County, California styled as

*Pascual v. Exxon Mobil*.  In January 2005 another action against Exxon Mobil was filed in

United States Federal District Court for the Southern District of Illinois and styled  *Meyenburg v.*

*Exxon Mobil*.  The *Pascual* case was subsequently dismissed after the settlement in *Meyenburg*.

**WHEREAS,** *Meyenburg* was settled and in July 2006 class counsel was awarded legal

fees.

---

[1] A previous action pending in the Southern District of New York wherein Plaintiff
sought attorneys' fees from Defendants was dismissed  without prejudice by Plaintiff upon
concluding that the Court lacked personal jurisdiction over Defendants.

**WHEREAS**, Plaintiff is an attorney whose Alabama license to practice law was suspended in September, 2004 and was thereafter removed as Class Counsel in *Meyenburg*.

**WHEREAS,** Plaintiff's action seeks attorney's fees for work performed in *Pascual* based upon *quantum meruit*;

**WHEREAS**, the parties agree that Plaintiff's work in *Pascual* prior to his suspension was of value in finally settling with Exxon Mobil in *Meyenburg*;

**WHEREAS**, Defendants request the Court's approval of its Settlement with and payment to Plaintiff; and

**WHEREAS,** Plaintiff and Defendants have reached agreement on a *quantum meruit* basis that the parties believe represents a fair approximation of the fees attributable to the work done by Plaintiff during the time he was a licensed attorney;

**NOW THEREFORE**, Pursuant to Rule 41(a)(2)(ii), Plaintiff, Plaintiff, Rayford L. Etherton, Jr. and Defendants, Provost & Umphrey Law Firm LLP, Rubin Winston Diercks Harris & Cooke LLP, and  Pinnacle Law Group LLC hereby stipulate, subject to approval of the Court, that the above-captioned action be dismissed WITH PREJUDICE as to the Defendants, Provost & Umphrey Law Firm LLP, Rubin Winston Diercks Harris & Cooke LLP, and  Pinnacle Law Group LLC, and that Defendant's are permitted to share fees awarded in *Meyenburg* with Plaintiff on a *quantum meruit* basis.

Dated: December 27, 2007          s/ *Rayford L. Etherton, Jr.* with permission
                                  Rayford L. Etherton, Jr., *pro se*
                                  104 Frazer Court
                                  Mobile, AL 36607.
                                  (251) 509 2445

s/ *Jeffrey Harris*
Jeffrey Harris, Esq. DC Bar #925545
Walter E. Diercks, DC Bar #161620
RUBIN, WINSTON, DIERCKS, HARRIS
   & COOKE, LLP
Sixth Floor
1155 Connecticut Ave, N.W.
Washington, D.C. 20036
(202) 861-0870


**SO ORDERED**

Dated:                                                    _____
                                                                  United States District Judge